

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
|  |  |
|---|---|
| FRANKLIN SANDOVAL NELSON, | CIV 14-1011 |
| Plaintiff, | |
| -vs- | OPINION AND ORDER ON MOTIONS TO PROCEED IN FORMA PAUPERIS |
| SCOTT MYREN, JON FLEMMER, TONY PORTRA, RICHARD SOMMERS, MARK A. ANDERSON, Judges, DBA 5th Judicial Circuit Court, Unified Judicial System of South Dakota, in their official capacities, JAY TASA, Sheriff of Roberts County Detention Facility, Sisseton, South Dakota, in his official capacity, and the UNIFIED JUDICIAL SYSTEM OF SOUTH DAKOTA, 5th Judicial Circuit Court, a corporation, c/o Susan Compaan, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
|  |  |
|---|---|
| FRANKLIN SANDOVAL NELSON, | CIV 14-1012 |
| Plaintiff, | |
| -vs- | |
| MARTY J. JACKLEY, in his official capacity as Attorney General of South Dakota, and MARK A. ANDERSON, Magistrate Judge of the 5th Circuit of South Dakota, | |
| Defendants. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## INTRODUCTION

Plaintiff filed a pro se complaint in CIV 14-1011 alleging that his federal constitutional rights were violated in conjunction with his arrest and conviction in Roberts County, South

Dakota, for assault and domestic violence. Plaintiff seeks a refund of fines and court costs assessed as a result of his state court criminal convictions, removal of the Roberts County lien in the amount of $6,100 for court appointed attorney fees, a monetary judgement of $500,000.00 against the Unified Judicial System ("UJS"), and $100,000 each against the bond insurance and Judge Anderson. He seeks class certification as to his claim that the defendants violated "the 48 hour rule," a subsequent order vacating all misdemeanor convictions in South Dakota since 1996 with prejudice, an order vacating all felony convictions without prejudice, and $300,000 against the UJS for class members. Finally he seeks $5,000 a day per detainee/arrestee who was not released within 48 hours. He seeks an award of exemplary damages. He contends he is entitled to relief under 42 U.S.C. § 1983.

Plaintiff filed a pro se complaint in CIV 14-1012 alleging that his federal constitutional rights were violated in conjunction with his December 2009 conviction for driving while under the influence of alcoholic beverages. He seeks a stay of all proceedings and of enforcement of the sentence and judgment, an order requiring Judge Anderson to vacate his order that plaintiff pay back court appointed attorney fees of $33,000, an order that the Roberts County Auditor and Roberts County Register of Deeds expunge the attorney fee lien, an order suppressing all evidence, an order to vacate his conviction, and refund of $2,200 he paid for fines, bonds and fees. He states in the caption that he is seeking alternatively a writ of *audita querela* or *coram nobis*.

## DECISION

### I. *In Forma Pauperis.*

Plaintiff has filed an application to proceed without the prepayment of fees and a motion for appointment of counsel in both cases. 28 U.S.C. § 1915(a)(1) authorizes district courts to allow civil litigants to commence suit without the prepayment of the filing fee. Determining whether an applicant is sufficiently impoverished to qualify to proceed *in forma pauperis* under § 1915 is committed to the court's sound discretion. Cross v. General Motors Corp., 721 F.2d 1152, 1157 (8th Cir. 1983). "The *in forma pauperis* statute . . . is designed to ensure 'that indigent persons will have equal access to the judicial system.'" Lee v. McDonald's Corp., 231 F.3d 456, 458 (8th Cir. 2000) (*quoting* Greaser v. State of Mo. Dep't of Corrections, 145 F.3d 979, 985 (8th Cir. 1998)). However, other than in criminal cases, "[a]n *in forma pauperis*

2

litigant's access to the courts is a matter of privilege, not of right, and should not be used to abuse the process of the courts." Williams v. McKenzie, 834 F.2d 152, 154 (8th Cir. 1987).

The Court is satisfied that the plaintiff is indigent under 28 U.S.C. § 1915(a)(1). However, that does not end the inquiry. I must screen the plaintiff's claims to determine whether the action

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

**II. Section 1983.**

Pros se complaints must be liberally construed. Estelle v. Gamble, 429 U.S. 97, 107, 97 S.Ct. 285, 292-93, 50 L.Ed.2d 251 (1976). However, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2254-55, 101 L.Ed.2d 40 (1988).

Plaintiff claims that defendants have, in the past, and continue to violate "the 48 hour rule." Reading plaintiff's complaints liberally, plaintiff complains that he was held more than 48 hours after arrest without being brought before a judicial officer. The United States Supreme Court, in Gerstein v. Pugh, 420 U.S. 103, 125, 95 S.Ct. 854, 868-69, 43 L.Ed.2d 54 (1975), invalidated extended warrantless detention, finding that the Fourth Amendment requires states to adopt a procedure to "provide a fair and reliable determination of probable cause as a condition for any significant pretrial restraint of liberty, and this determination must be made by a judicial officer either before or promptly after arrest."

The Supreme Court in County of Riverside v. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), determined just what "prompt" means.

> [W]e believe that a jurisdiction that provides judicial determinations of probable cause within 48 hours of arrest will, as a general matter, comply with the promptness requirement of *Gerstein*. For this reason, such jurisdictions will be immune from systemic challenges.

3

> This is not to say that the probable cause determination in a particular case passes constitutional muster simply because it is provided within 48 hours. Such a hearing may nonetheless violate *Gerstein* if the arrested individual can prove that his or her probable cause determination was delayed unreasonably. Examples of unreasonable delay are delays for the purpose of gathering additional evidence to justify the arrest, a delay motivated by ill will against the arrested individual, or delay for delay's sake. In evaluating whether the delay in a particular case is unreasonable, however, courts must allow a substantial degree of flexibility. Courts cannot ignore the often unavoidable delays in transporting arrested persons from one facility to another, handling late-night bookings where no magistrate is readily available, obtaining the presence of an arresting officer who may be busy processing other suspects or securing the premises of an arrest, and other practical realities.
>
> Where an arrested individual does not receive a probable cause determination within 48 hours, the calculus changes. In such a case, the arrested individual does not bear the burden of proving an unreasonable delay. Rather, the burden shifts to the government to demonstrate the existence of a bona fide emergency or other extraordinary circumstance. The fact that in a particular case it may take longer than 48 hours to consolidate pretrial proceedings does not qualify as an extraordinary circumstance. Nor, for that matter, do intervening weekends. A jurisdiction that chooses to offer combined proceedings must do so as soon as is reasonably feasible, but in no event later than 48 hours after arrest.

County of Riverside v. McLaughlin, 500 U.S. at 56-57, 111 S.Ct. at 1670.

South Dakota Rule of Criminal Procedure 5(a) requires, in part:

> A law enforcement officer shall, without unnecessary delay, take the arrested person before the nearest available committing magistrate. Any person, other than a law enforcement officer, making an arrest shall, without unnecessary delay, take the arrested person before the nearest available committing magistrate or deliver him to the nearest available law enforcement officer. If a person arrested without a warrant is brought before a committing magistrate, a complaint shall be filed forthwith.

SDCL 23A-4-1. The South Dakota Supreme Court has held that a probable cause determination must be determined by a magistrate but "can be based entirely on hearsay and written testimony" and is usually based upon "the issuance of a warrant based on a statement from the arresting officer." State v. Larson, 776 NW2d 254, 258 (SD 2009). Further, "an arrested person has no right to be physically present or have representation for a probable cause determination." *Id.*

4

To the extent that plaintiff's pro se complaints allege plaintiff's Fourth Amendment right to a probable cause determination was violated in conjunction with his arrests for assault, domestic violence, and driving under the influence, he has stated a claim upon which relief can be granted under 42 U.S.C. § 1983. *See* Hayes v. Faulkner County, Ark., 388 F.3d 669, 673 (8th Cir. 2004) and Golberg v. Hennepin County, 417 F.3d 808, 810 -811 (8th Cir. 2005).

**III. Habeas Relief.**

Habeas corpus is the exclusive remedy for a state prisoner to attack the fact or duration of his conviction, even though his claims may come within the literal terms of 42 U.S.C. § 1983. Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994). In Heck v. Humphrey, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486–87.

Plaintiff is not in custody as a result of the convictions he challenges in these two suits. He seeks, instead of release, to expunge the convictions and the monetary penalties of his sentences. A judgment in favor of plaintiff for those claimed remedies would necessarily imply the invalidity of his convictions. Plaintiff did not assert that his convictions have been set aside or otherwise held invalid, and therefore, plaintiff has not stated a cognizable claim under section 1983 for those remedies.

**IV. *Coram Nobis*.**

Plaintiff claims he is entitled to relief from his convictions and sentences by way of a writ of *coram nobis*. Section 1983 claims "must yield to the more specific federal habeas statute,

with its attendant procedural and exhaustion requirements, where [plaintiff] seeks injunctive relief challenging the fact of his conviction or the duration of his sentence." Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 2122, 158 L.Ed.2d 924 (2004).  Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996).  The appropriate means to challenge state court convictions and sentences is 28 U.S.C. § 2254, *see* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000), or a writ of *coram nobis* pursuant to the All Writs Act, 28 U.S.C. § 1651, United States v. Camacho-Bordes, 94 F.3d at1171 n. 2.

> Both writs are used to challenge a conviction or sentence, the main
> difference between the two being that *coram nobis* relief is available when
> the defendant is no longer in custody for the applicable conviction, while
> custody is a prerequisite for habeas relief.

United States v. Camacho-Bordes, 94 F.3d at 1173, n. 6.

*Coram nobis* relief under the All Writs Act, 28 U.S.C. § 1651, "has traditionally been a proceeding in a court to attack a judgment of that court" and is "not available in federal court as a means of attack on a state criminal judgment." Theriault v. State of Mississippi, 390 F.2d 657, 657 (5th Cir. 1968) (*citing* Thomas v. Cunningham, 335 F.2d 67, 69 (4th Cir. 1964) and Rivenburgh v. State of Utah, 299 F.2d 842, 843 (10th Cir. 1962).  "Procedurally, *coram nobis* is a step in the original criminal proceeding itself.  Relief by the writ then is available, if at all, only in the court which rendered the judgment under attack." Booker v. State of Arkansas, 380 F.2d 240, 243-44 (8th Cir. 1967) (internal citations omitted), *abrogated on other grounds*, Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  This court has no jurisdiction to issue a writ of *coram nobis* with respect to petitioner's state court convictions and sentences.

**V. *Audita Querela*.**

Plaintiff seeks *audita querela* relief.  "A writ of *audita querela* is a common law writ 'available to a judgment debtor who seeks a rehearing of a matter on grounds of newly discovered evidence or newly existing legal defenses.'  Black's Law Dictionary 141 (8th ed. 2004)." United States v. Boal, 534 F.3d 965, 967 n. 2 (8th Cir. 2008).

> The common-law writ of *audita querela* is a remedy granted in favor of
> one against whom execution has issued or is about to issue on a judgment
> the enforcement of which would be contrary to justice, either because of

6

matters arising subsequent to its rendition, or because of prior existing
defenses that were not available to the judgment debtor in the original
action because of the judgment creditor's fraudulent conduct or through
circumstances over which the judgment debtor had no control.  7
Am.Jur.2d, Audita Querela § 1, at 432 (1997).

Ejelonu v. I.N.S., Dept. of Homeland Sec., 355 F.3d 539, 544 (6th Cir. 2004), rehearing *en banc*
granted, opinion vacated, appeal dismissed following settlement.  The writ does not attack the
judgment itself but is instead "directed against the enforcement, or further enforcement, of a
judgment which when rendered was just and unimpeachable. *Id.*

While the Eighth Circuit has suggested that the writs of *coram nobis* and *audita querela*
have been abolished in civil proceedings by Fed. R. Civ. P. 60(b), Monaco v. Armstrong, 977
F.2d 586 (8th Cir. 1992) (unpublished), the United States Supreme Court has explained that Rule
60(b) vests power in the courts consistent with the old remedy.  Klapprott v. United States, 335
U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed.1099 (1949).  Further, in the criminal context, the
All Writs Act, 18 U.S.C. § 1651, grants courts the power to issue such writs.  United States v.
Morgan, 346 U.S. 502, 506-507, 74 S.Ct. 247, 250, 98 L.Ed. 248 (1954).

Like *coram nobis*, a request for a writ of *audita querela* should be directed to the court
which issued the judgment from which plaintiff seeks relief from enforcement.

**VI. Judicial Immunity.**

Judges Myren, Flemmer, Portra, Sommers, and Anderson are immune from suit under
§ 1983, which immunity "is not overcome by allegations of bad faith or malice, the existence of
which ordinarily cannot be resolved without engaging in discovery and eventual trial." Mireles
v. Waco, 502 U.S. 9,11, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991).  Judicial immunity is
overcome only where the alleged actions are "not taken in the judge's judicial capacity" or were
"taken in the complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. at 11-12, 112
S.Ct. at 288.  Plaintiff has failed to allege any action by the judges that was nonjudicial in nature
or taken without jurisdiction.  The judges are immune from suit in these cases.  Plaintiff has
failed to state a claim upon which relief can be granted against the defendant judges in both
cases.

7

## VII. Prosecutorial Immunity

Defendant Marty Jackley is the South Dakota Attorney General. Prosecutors are entitled to absolute immunity from Section 1983 suits for actions taken within the scope of their duties. Imbler v. Pachtman, 424 U.S. 409, 427-29, 96 S.Ct. 984, 993-94, 47 L.Ed.2d 128 (1976).

> To be sure, this immunity does leave the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty . . . We emphasize that the immunity of prosecutors from liability in suits under § 1983 does not leave the public powerless to deter misconduct or to punish that which occurs. This Court has never suggested that the policy considerations which compel civil immunity for certain governmental officials also place them beyond the reach of the criminal law. Even judges, cloaked with absolute civil immunity for centuries, could be punished criminally for willful deprivations of constitutional rights on the strength of 18 U.S.C. § 242, the criminal analog of § 1983. The prosecutor would fare no better for his willful acts. Moreover, a prosecutor stands perhaps unique, among officials whose acts could deprive persons of constitutional rights, in his amenability to professional discipline by an association of his peers. These checks undermine the argument that the imposition of civil liability is the only way to insure that prosecutors are mindful of the constitutional rights of persons accused of crime.

Imbler v. Pachtman, 424 U.S. at 427, 428-29, 96 S.Ct. at 993, 994 (internal citations omitted).

Plaintiff has not identified any action taken by defendant Jackley. The complaint wherein he names Jackley as a defendant only addresses defendant Anderson's rulings in conjunction with his conviction for driving under the influence. Plaintiff has failed to state a claim upon which relief can be granted against defendant Jackley.

## VIII. Unified Judicial System.

Plaintiff has identified the UJS, through Fifth Judicial Circuit Court Administrator Susan Compaan, as a defendant but has not alleged any wrongdoing by the UJS or by Ms. Compaan. He seeks monetary damages against the UJS of $3,000,000. However, he contends in his two complaints that the defendant judges are the ones responsible for violating his rights. Plaintiff has failed to state a claim upon which relief can granted against the UJS or its Court Administrator.

8

## IX. Sheriff Tasa

Plaintiff has identified Roberts County Sheriff Tasa as a defendant. "In the final analysis, the sheriff is the custodian of the persons incarcerated in the jail, and as such, it is he who is answerable for the legality of their custody." Luck v. Rovenstine, 168 F.3d 323, 326 (7th Cir. 1999). Even if the sheriff is not responsible for the delay in bringing an arrestee before a magistrate, he must release an arrestee who has been held longer than is reasonable. Wayland v. City of Springdale, Ark., 933 F.2d 668, 670 (8th Cir. 1991). Riverside makes it clear that warrantless detention beyond 48 hours is presumptively unreasonable. Plaintiff has stated a claim against Sheriff Tasa which is cognizable under 42 U.S.C. § 1983.

## X. Class Action.

Plaintiff seeks class certification and class-wide relief for his claim that defendants have violated the 48 hour rule. He seeks an order dismissing all misdemeanor and felony convictions of anyone who was held longer than 48 hours without a probable cause determination as well as damages for each class member. He seeks an order that, in the future, Sheriff Tasa release automatically any arrestee who has been held beyond 48 hours. As set forth previously, the federal district court can not and will not set aside state court criminal convictions in a § 1983 action.

An action can be maintained as a class action only if the prerequisites for class certification are met as set forth in Fed. R. Civ. P. 23(a) and (b). Plaintiff's claim that other criminal defendants have been detained on a warrantless arrest without a prompt probable cause hearing is mere speculation. Plaintiff has identified no other individual, let alone a class of individuals, who have been so detained. Class certification is not appropriate upon the record before the Court.

### CONCLUSION

Plaintiff's complaint for relief in Nelson v. Jackley and Anderson, CIV 14-1012, fails to state a claim upon which relief can be granted and should be dismissed. Plaintiff's complaint for relief in Nelson v. Myren, et al., CIV. 14-1011, fails to state a claim upon which relief can be granted against defendants Myren, Flemmer, Portra, Sommers, Anderson, and the Unified Judicial System. Plaintiff's 42 U.S.C. § 1983 claim against defendant Tasa does state a claim and the caption should be amended to reflect that the only defendant is defendant Tasa. Plaintiff's claims for relief in the form of expungement or dismissal of his criminal convictions

9

should be denied and dismissed. Plaintiff's request for class certification should be denied. The only remaining claim is a § 1983 action against defendant Tasa for monetary damages and, possibly, declaratory or injunctive relief in the form of an order to release arrestees who are, in the future, held in violation of the United States Constitution. Appointment of counsel is premature.

Now, therefore,

IT IS ORDERED:

1. The application, Doc. 3 in CIV 14-1012, to proceed without the prepayment of fees is denied.

2. The motion, Doc. 4 in CIV 14-1012, for appointment of counsel is denied.

3. Civ. 14-1012 is dismissed without prejudice and without costs.

4. The application, Doc. 3 in CIV 14-1011, to proceed without the prepayment of fees is granted.

5. The motion, Doc 4 in CIV 14-1011, for appointment of counsel is denied.

6. Plaintiff's claims in CIV 14-1011 against defendants Myren, Flemmer, Portra, Sommers, Anderson, and the Unified Judicial System are dismissed. The caption shall be amended to show that defendant Tasa is the only defendant.

7. The United States Marshals Service shall serve a copy of the complaint, summons and this order upon the defendant. All costs of service shall be advanced by the United States.

8. In the event plaintiff makes a recovery under the complaint, plaintiff shall reimburse the government for any filing and service fees that have been advanced pursuant to this Order.

Dated this 30 day of June, 2014.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY
(SEAL)

10